[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11243
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00276-UA-DNF


RICHARD WEAN,

Plaintiff-Appellant,


versus


TIM BUDZ,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 29, 2014)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Richard Wean is a Florida Civil Commitment Center ("FCCC") detainee who is confined pursuant to Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, Fla. Stat. § 394.910 et seq. ("SVP Act"). Plaintiff Wean appeals, through counsel, the district court's dismissal of his pro se 42 U.S.C. § 1983 action against defendant Tim Budz, the director of the FCCC. In his second amended complaint, Wean alleged that Budz's "black box policy"—pursuant to which he had been required to wear a small black box[1] over his handcuffs on all trips outside of the FCCC—violates his substantive due process right under the Fourteenth Amendment to be free from bodily restraint. Upon defendant Budz's motion, the district court dismissed plaintiff Wean's § 1983 action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. We affirm.[2]

Under the SVP Act, "a person determined by a court or jury to be a 'sexually violent predator' is required, following his term of incarceration, to be housed in a 'secure facility' and segregated from other detainees not committed under the law

---

[1]According to the parties, a black box is a rectangular device measuring approximately four inches by three inches that fits over a pair of handcuffs in order to limit hand movements and prevent access to the handcuff's key holes.

[2]We review de novo a Rule 12(b)(6) dismissal for failure to state a claim. Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

in order to receive 'control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large.'" Pesci v. Budz, 730 F.3d 1291, 1299 (11th Cir. 2013) (quoting Fla. Stat. § 394.917(2)) (emphasis omitted). As we noted in Pesci, "the FCCC is a facility that houses approximately 600 persons involuntarily committed as sexually violent predators [pursuant to the SVP Act] after their terms of incarceration." Id. As a civilly committed detainee, the Due Process Clause of the Fourteenth Amendment applies to plaintiff Wean's claim. See Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996).

The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause's substantive component "provides heightened protection against government interference with certain fundamental rights and liberty interests." Troxel v. Granville, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060 (2000) (quotation marks omitted). In general, "the involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training to further the ends of safety and freedom from restraint." Dolihite, 74 F.3d at 1041 (citing Youngberg v. Romeo, 457 U.S. 307, 324, 102 S. Ct. 2452, 2462 (1982)). However, a civilly committed individual's right to freedom from bodily

3

restraint is not absolute.  See Romeo, 457 U.S. at 319-20, 102 S. Ct. at 2460.

Rather, in considering whether a substantive due process right has been violated,

courts must balance the individual's liberty interests and the State's stated reasons

for restricting the liberty.  Id. at 320-21, 102 S. Ct at 2460-61.

Here, we cannot say that the district court erred in dismissing Wean's second

amended complaint.  Wean did not state a claim under the Due Process Clause

because the use of the small black box under the particular facts alleged does not

implicate a protected liberty interest.[3]  Specifically, the use of the small black box

over handcuffs on sexually violent predators during trips outside of the FCCC does

not impose an additional restriction so significant that it amounts to a deprivation

of a protected liberty interest.  See Miller v. Dobier, 634 F.3d 412, 414-15 (7th Cir.

2011) (holding, in context of procedural due process claim, that imposition of

black box restraint did not deprive plaintiff of a protected liberty interest because

"[d]isciplinary measures that do not substantially worsen the conditions of

confinement of a lawfully confined person are not actionable under the due process

clause . . . regardless of whether the confinement is criminal or civil").

---

[3]Although plaintiff Wean alleged that the black box causes the handcuffs to dig into his wrists, resulting in pain and numbness in his hands, he did not assert a claim of excessive force or a claim of cruel and unusual punishment under the Fourteenth Amendment.  See Dolihite, 74 F.3d at 1041 (indicating that the Fourteenth Amendment due process rights of the involuntarily civilly committed are at least as extensive as the Eighth Amendment rights of the criminally institutionalized).  Rather, plaintiff Wean's claim in this particular case is only a substantive due process claim.

Accordingly, we affirm the district court's dismissal of Wean's second amended complaint.

**AFFIRMED.**